IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD PAGE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-581-GMS |
| | ) |
| ERIK FORRY, STEPHEN MCCARTHY, | ) |
| CARL DANBERG, KARL HINES, | ) |
| LARRY GRANTHAM, and DEBORAH | ) |
| CRAIG, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Howard Page, Jr., ("Page"), an inmate at the Sussex Correctional Institution

("SCI"), Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He

appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28

U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

The defendant, Erik Forry ("Forry"), a home confinement officer, arrived at Page's home

on May 15, 2009, to check Page's compliance with home confinement. The defendant, Stephen

McCarthy ("McCarthy"), also a home confinement officer, accompanied and assisted Forry.

Page alleges that during the visit Forry was verbally and physically aggressive and that an

altercation among the three ensued. During the altercation Page fell off his porch and the porch

rail was damaged. Page left the premises and subsequently surrendered. He was transported to

the hospital where he was treated for his injuries. Page asks that Forry and McCarthy be placed on administrative leave and for compensatory and punitive damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.*" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Page proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

## III. DISCUSSION

### A. Personal Involvement

The complaint names as defendants Carl Danberg ("Danberg"), Commissioner of the Delaware Department of Correction, Karl Hines (""Hines"), Bureau Chief of Community Corrections, Larry Grantham ("Grantham"), and Deborah Craig ("Craig"). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). However, there are no allegations in the complaint directed toward the foregoing defendants.

-3-

It may be that Danberg and Hines are named as defendants based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[1] *See Iqbal*, – U.S. –, 129 S.Ct. 1937; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[2] *Iqbal*, – U.S. –, 129 S.Ct. at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

In the present case, Page does not associate any of his allegations with Danberg, Hines, Grantham, or Craig. Indeed, the complaint contains no allegations against these defendants, plaintiff provides no facts to support a claim against them, and it is clear the claims are facially

---

[1]In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See id.* at 1944. The Supreme Court found the allegations facially insufficient. *See Iqbal*, 129 S.Ct. at 1949 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-516 (1888), for the proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

[2]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. See *Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

-4-

insufficient. As a result, the claims lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B. Excessive Force and Verbal Assault

Page will be allowed to proceed against Forry and McCarthy on his excessive force claim. Citizens have a Fourth Amendment right to be free from excessive force during investigatory seizures and lawful arrests. *See Kopec v. Tate*, 361 F.3d 772, 776-78 (3d Cir. 2004). Claims alleging that an officer used excessive force to effect an arrest are properly analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 389 (1989).

Page also alleges that Forry was verbally assaultive. Verbal abuse and harassment does not rise to the level of a constitutional violation. *See Murray v. Woodburn,* 809 F. Supp. 383, 384 (E.D. Pa. 1993); *see also McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson,* 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy,* 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

Page's claims of verbal assault are not cognizable under § 1983. Therefore, they are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss as frivolous all claims against the defendants Carl Danberg, Karl Hines, Larry Grantham, and Deborah Craig, as well as the

verbal assault claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Page will be

allowed to proceed against the defendants Forry and McCarthy on the remaining claims.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____ 29 , 2009

Wilmington, Delaware

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOWARD PAGE, JR., )
)
      Plaintiff, )
)
   v. ) Civ. Action No. 09-581-GMS
)
ERIK FORRY, STEPHEN MCCARTHY, )
CARL DANBERG, KARL HINES, )
LARRY GRANTHAM, and DEBORAH )
CRAIG, )
)
      Defendants. )

**ORDER**

At Wilmington this 29th day of _Sept._, 2009, for the reasons set forth in the

Memorandum issued this date

1. The claims against the defendants Carl Danberg, Karl Hines, Larry Grantham, and

Deborah Craig, as well as the verbal assault claim, are **dismissed** as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified what appear to be cognizable claims within the meaning of 28

U.S.C. § 1915A against the defendants Erik Forry and Stephen McCarthy. The plaintiff is

allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall provide the court with

"USM-285" forms for the **remaining defendants Erik Forry and Stephen McCarthy** as well

as for the **Chief Deputy Attorney General of the State of Delaware**, 820 N. FRENCH

STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C).

The plaintiff has provided the court with copies of the complaint.  (D.I. 2).  **The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of court.  Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the chief deputy attorney general within 120 days from the date of this order may result in the complaint being dismissed or the defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.  For each defendant who does not return an executed "Waiver of Service of Summons" form **within thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, the plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance.  The plaintiff shall also provide to the Clerk of Court completed, original "U.S. Marshal-285" form(s) as set forth in paragraph 2 and copies of the complaint for service.  Upon issuance of the summons by the Clerk of Court, the U.S. Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the costs related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2) .

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of

-8-

Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
CHIEF, UNITED STATES DISTRICT JUDGE